Hand, J.,
This case must necessarily go back for re-trial on account of the confused and improper state of the-record. It is hardly possible for us-to pass upon the merits of the case as raised in the 7th assignment of error. We only remark that, as the case now appears, the following facts would seem to give support to the view taken by the court below upon the merits.
The mortgage was given by Robert Brown. Scire facias went out against him and Jane Brown as terre tenant. Jane was his widow. In her affidavit and plea she admits that she was terre tenant. On the trial, the history of the case of the defendant in error states that it appeared that she had reconveyed the premises. It also appears-that William Brown was administrator of Robert, and he, as administrator, at the request of his mother, Jane Brown, procured William Green, the plaintiff and assignee of the moitgage and the brother of Jane Brown, to lift this mortgage, which was being pressed for collection. Green, the plaintiff, did lift the mortgage within twenty years of the time of issuing the scire facias. He swears positively that the mortgage was not paid and that the reason he did not press-for payment was because, to use his own language : “ I knew it wasn’t in her power to pay it at all. I never asked her for a cent of the interest or principal. I concluded she has enough to do to weather it along, being a widow, and I never asked her.” Under these facts, the court left it to the jury to determine whether the presumption of payment was rebutted. In Reed v. Reed, 46 Pa. 242, Strong, J., says: “ The presumption is rebutted, or, to speak more accurately, does not arise, when there is affirmative proof beyond that furnished by the specialty itself, that the debt has not been paid,, or where there are circumstances that sufficiently account for the delay of the creditor.” Under these circumstances, we cannot say that there was error on the legal question which covers the merits of this case. Nevertheless, as we have already intimated, the record, in this case is in wretched shape. If there had been proper notice or service upon the heirs and the administrator, or they had come in to defend and had presented no facts other than what appear on this record, their silence would have given much greater force to the evidence. Presumption of payment from lapse of time may be rebutted by competent and sufficient evidence. What is sufficient, often depends upon the attendant circumstances. In this view of the case, the proper and legal service upon all the defendants would have been an important fact and might touch upon the merits.
The court below allowed the plaintiff to amend the record by adding the names of the heirs, and the administrator, and forced the parties to trial without any service upon or notice to the defendants not served in the original scire facias, and judgment is entered *106 •against all. It is clear, under our decisions, that, if the plaintiff undertakes to secure a judgment against the heirs and personal representatives of a decedent, he must make service .upon them. This is the mode laid down in the Acts of Assembly. See sections 27 and 28 of the Act of February 24, 1834. Numerous decisions may be cited to show that service is compulsory where defendants do not come in voluntarily.
The judgment in this case is reversed and a venire facias de novo awarded. . J. C. S.